In the Matter of the Claims of John A. BRANDT, Individually and for All Others Similarly Situated, Petitioner,

v.

INDUSTRIAL COMMISSION OF COLORADO, Respondent,

and

Keystone, a Division of Ralston Purina Company, and All Other Unknown Employers, Employers,

and

Liberty Mutual Insurance Company, State Compensation Insurance Fund, Employers Insurance of Wasau, and Travelers Insurance Company, Insurors-Respondents.

No. 81CA0842.

Colorado Court of Appeals, Div. II.

April 8, 1982.

Rehearing Denied April 29, 1982.

Certiorari Denied July 12, 1982.

Paul W. Conaway, P.C., Paul W. Conaway, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Levis, Asst. Atty. Gen., Denver, for respondent.

Zarlengo, Mott & Zarlengo, Tama L. Levine, Denver, for insurors-respondents Liberty Mut. Ins. Co. and Employers Ins. of Wasau.

William J. Baum, Denver, for insuror-respondent State Compensation Ins. Fund.

Law firm of Thomas J. DeMarino, Mark E. Macy, Denver, for insuror-respondent Travelers Ins. Co.

PIERCE, Judge.

Petitioner, John A. Brandt, was injured in an industrial accident and by an order dated October 19, 1979, he was awarded workmen's compensation. That order, however, neglected also to award him 8% interest on the principal sum of the award as provided by § 8–52–109(2), C.R.S. 1973.

The parties agree that Brandt was entitled to the interest and that the payment to him was mandatory even though the provision did not appear in the October 19 order.

In December of 1979, Brandt filed a motion for an order directing respondent to pay the 8% interest and on January 18, 1980, he filed a class action petition to reopen on behalf of himself and all members of the class who were entitled to interest on their awards of compensation.

On June 30, 1980, the director of the division of labor issued a supplemental order awarding Brandt his interest and denied the class action petition to reopen. The final order of the Industrial Commission affirmed the director's order.

The sole question raised on this review is whether a class action can be instituted under the circumstances presented here. We rule that such an action is inappropriate.

Petitioner was entitled to his interest as a matter of law, and he could obtain that interest either by filing a claim, which he did by filing his motion for order directing the payment of interest, or by a petition to reopen, which he also later filed. He obtained his relief.

We have searched the statutes and the regulations of the Industrial Commission, and we find no authority in them for the instigation of a class action suit against the Commission or any other parties upon petition to reopen.

Petitioner argues, however, that he should be allowed to file a class action in connection with his petition to reopen under the provisions of C.R.C.P. 23 which pertain to civil actions for class actions and the prerequisites for such class actions. Even if C.R.C.P. 23 were available here, we have not been persuaded that common questions of law or fact to the class predominate over the questions affecting individual members or that a class action is superior to other available methods of fair and efficient adjudication of the controversy. Therefore, where the relief sought by a workmen's compensation claimant is mandatory, and is available by presenting a claim or petition to reopen, the initiation of a class action incidental to a petition to reopen the claim is an inappropriate procedure.

The order is affirmed.

BERMAN and STERNBERG, JJ., concur.